In the matter of the probate of the last will and testament of ELLEN DILLON, deceased.

[Decided May 24th, 1913.]

1. In a will contest, evidence *held* insufficient to show that testatrix was, by reason of the near approach of death, unable to make a will.

2. In a will contest in which it was shown that testatrix followed the wishes of her deceased husband, evidence *held* insufficient to show that her attorney unduly influenced her in so carrying out the husband's wishes.

3. If a testator is capable of recollecting of what his property consists and those who either in consequence of ties of blood or friendship should be the objects of his bounty, and has a mind sufficiently sound to enable him to know and to understand what disposition he wants made of his property after his death, he is competent to make a will.

*Mr. W. Holt Apgar* and *Mr. William M. Jamieson,* for the appellants.

*Mr. Bayard Stockton,* for the appellee.

BACKES, VICE-ORDINARY.

This is an appeal from the order of the orphans court of Mercer county, affirming the probate, by the surrogate, of the last will and testament of Ellen Dillon, deceased. The reasons for the affirmance, as set forth in the opinion of Judge Gnichtel, judge of the orphans court, are amply sustained by the record and which, after a careful examination of the cause, I approve.

In my judgment, the testatrix was possessed of testamentary capacity at the time she executed the document. The claim that she was unlawfully influenced, and the charge that she was imposed upon by the scrivener, are not borne out by the evidence. The case is barren of proof of intrusion by the beneficiaries. The scrivener was actuated solely by a desire to assist the testatrix. The disposition of the estate is quite natural, and is in accord with her oft-expressed determination to dispose of it in compliance with the wish of her late husband.

By leave of this court, further testimony was taken, attacking the credibility of the subscribing witness Mitchell. Nothing was shown other than that during a period of hysteria, or aberration, due to assaults upon her veracity, she made declarations from which, it is claimed, may be inferred that she was not truthful in the cause, but which. in my judgment, are equally susceptible of deductions entirely consistent with her rectitude as a witness, and a purpose on her part to defend herself against scandal. The expressions accredited to this witness do not militate against the propriety of the order of the orphans court affirming the probate of the will.

The order will be affirmed.

The able manner in which counsel presented the cause, after thorough preparation, entitles them to a further allowance. I will hear them on the next motion day.